Ruffin, Chief Justice.
 

 The Court has entertained some doubt whether this appeal was proper, inasmuch as the decision was on a point within the discretion of the inferior court. But we have supposed that we are bound to entertain it, since it is certain that the decision was not made in the exercise of the discretion of the court; but, on the contrary, upon the idea that the party was entitled to it
 
 ex debito justicies.
 
 It appears, affirmatively, that the County Court, so far from acting on its discretion, denied that it possessed any discretion in the matter; and gave its judgment under the notion that it had no discretion, but was obliged to make that decision, as a matter of strict right in the party. In that opinion that court was unquestionably wrong; and it is for the purpose of correcting that error, that we deem this a fit case for the interposition of the higher Courts.
 

 Parties must be in court in apt time, and attend to their cases in their due order. Although the term is, to some purposes, but one day, by a legal fiction; yet that maxim has no-reference to a question of this kind. It gives the same efficacy to all the proceedings of the term, by putting them on the-same footing, whether they be transacted at an earlier or later hour or day. But it does not suppose that all the business is, or can be transacted at once, so as to authorise each suiter to postpone his case to the heel of the court. That!
 
 *108
 
 would defeat the whole business of the court; for, if each suican to ^le ^ast moment of the term, to make himself ready, no cause could be tried. Parties must come, not when they please, but when the court calls them. They have no right to stay away — much less
 
 a
 
 right, when' they come, to have what the court has done set aside, without shewing any cause but their pleasure for so doing. The rules of practice, as to the order of doing business, are generally well understood by the officers and practitioners of each court; and their observance promotes the convenience of the court, the suitors and their counsel and attorneys, and prevents surprise. We believe that most of the courts have a fixed day in each term, for disposing of cases under the act of 1822. But, whether that be so or not, whenever a judgment has been regularly taken, according to the course of the court, it is beyond the control of the party, except by appeal. He must apply to the court to set it aside upon good cause shewn; as that he has a good defence, and was kept away by accident or misfortune, and not by his fault. In that case the court, as an act of sound discretion, may, undoubtedly, set aside the judgment and hear the party
 
 de novo.
 
 But the court is not obliged to do so in every case, and ought not to do it in any, but upon cause shewn.
 

 The County Court, therefore, erred in the opinion that the debtor and his surety
 
 had a right
 
 to have the judgment rescinded; and, consequently, erred in rescinding it on that ground. It must, therefore, be re-instated; and to that end, this opinion must be certified to the Superior Court, that a writ of
 
 procedendo
 
 may issue therefrom to the County Court to act accordingly.
 

 iPpp, Ctjriam. ' Judgment affirmed.